**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DINA GALASSINI, | ) |
| | ) |
| Plaintiff, | ) CV-11-02097-PHX-JAT |
| v. | ) |
| | ) |
| TOWN OF FOUNTAIN HILLS, ARIZONA; | ) **FINAL PRETRIAL** |
| | ) **ORDER** |
| Defendant, | ) |
| and | ) |
| | ) |
| STATE OF ARIZONA, | ) |
| Intervenor-Defendant. | ) |

The following is the **joint** Final Pretrial Order considered at the Final Pretrial Conference on June 4, 2014.

**A.   COUNSEL FOR THE PARTIES**

Plaintiff:

    Paul V. Avelar
    Timothy D. Keller
    Institute for Justice
    398 South Mill Avenue, Ste. 301
    Tempe, AZ 85281
    Email: pavelar@ij.org

Email: tkeller@ij.org
Phone: 480-557-8300
Fax: 480-557-8305

Defendant:

Jeffrey Thomas Murray
Kristin Marie Mackin
Sims Murray Limited
2020 N Central Ave., Ste. 670
Phoenix, AZ 85004
Email: jtmurray@simsmurray.com
Email: kmackin@simsmurray.com
Phone: 602-772-5500
Fax: 602-772-5009

Intervenor-Defendant:[1]

Diana Day
Paula S Bickett
Todd Mitchell Allison
Office of the Attorney General
1275 W Washington St.
Phoenix, AZ 85007-2926
Email: diana.day@azag.gov
Email: paula.bickett@azag.gov
Email: todd.allison@azag.gov
Phone: 602-542-8305
Fax: 602-542-8308

**B.  STATEMENT OF JURISDICTION**

**1.**  Jurisdiction in this case is based on a federal question under 28 U.S.C. § 1331.

**2.**  Jurisdiction is not disputed.

---

[1] The Intervenor Defendant asserts that based on the Court's previous orders, the issues for trial are between Plaintiff and the Town only. The State's interest in this litigation is solely in the constitutionality of the statute, which the Court has already decided. Therefore, the State has not listed any witnesses or exhibits in this Joint Pretrial Statement. As a party to the case, however, the State reserves its rights to participate in the trial, including argument, questioning of witnesses, and asserting objections as appropriate.

**C.     STIPULATIONS AND UNCONTESTED FACTS AND LAW**

**1.**     The following facts are admitted by the parties and require no proof:

In 2011, the Town of Fountain Hills, Arizona, placed on the November 2011 ballot a bond issue to pay for road reconstruction.

On October 6, 2011, Plaintiff Dina Galassini sent an email to 23 friends and neighbors explaining why people should oppose the bond. Ms. Galassini called on the email recipients to make their own signs opposing the bond—the signs were to say things like "Vote No on the Bond, "Bonds are BONDAGE," etc.—and join her at one or both of two planned protest rallies in the Town.

Paul Mood, the Development Services Director for the Town of Fountain Hills received Ms. Galassini's email through a consultant who was working on the plans for the road maintenance for the Town. Mr. Mood sent Ms. Galassini's email to Julie Ghetti, then Interim Town Manager for Fountain Hills, and Andrew McGuire, the Fountain Hills Town Attorney. Ms. Galassini's email was in turn forwarded to Bevelyn Bender, Fountain Hills Town Clerk and election official, by Ms. Ghetti.

After receiving Ms. Galassini's email, Ms. Bender and Ms. Ghetti consulted with the Town Attorney and decided that Ms. Bender would write a letter to Ms. Galassini. On or about October 12, 2011, Ms. Bender sent a letter to Ms. Galassini. It stated:

> A recent email was brought to my attention that called for organized action by numerous individuals regarding the November 8, 2011 Bond Election.
>
> Although an individual acting alone is not a political committee

under Arizona law and need not file a statement of organization, if any additional person or persons join the effort (as defined in A.R.S. §16-901(19) - see below) begun by an individual, the association of persons has become a "political committee" under Arizona law, and must file a statement of organization before accepting contributions, making expenditures, distributing literature or circulating petitions.

Please be advised that according to State Statutes, as specifically outlined in Title 16, one or more persons working to impact the results of an election are considered to be a Political Action Committee (PAC) subject to all of the requirements associated with a PAC. In order to comply with the law a Statement of Organization must be filed in the office of the Town Clerk prior to any electioneering taking place. I would strongly encourage you to cease **any** campaign related activities until the requirements of the law have been met.

As this Court found and determined in its decision, this letter was not an enforcement of Arizona's campaign finance laws, but was a threatened enforcement of the statutory scheme.

**2.** The following facts although not admitted, will not be contested at trial by evidence to the contrary:

Upon receiving the letter on October 13, 2011, Ms. Galassini testified that she became scared of breaking the law and decided to cancel her two protest rallies.

**3.** The following issues of law are uncontested and stipulated to by the parties:

State law designates the Town Clerk as the filing officer and Town Attorney as enforcer of the State's campaign finance statutes in Town elections. A.R.S. § 16-924(A).

According to this Court's prior decision, Arizona's definition of "political committee," A.R.S. § 16-901(19), is unconstitutionally vague and overbroad. (The State and the Town take no position on this previous finding by the Court for purposes of trial.)

According to this Court's prior decision, Arizona's campaign finance laws, A.R.S. § 16-901 *et seq.*, imposed on small groups that seek to combine to influence the results of an election are not substantially related to the State's disclosure interest. (The State and the Town take no position on this previous finding by the Court for purposes of trial.)

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

"[A] municipality can be liable for an isolated constitutional violation when the person causing the violation has 'final policymaking authority.' Whether an official has policymaking authority is a question for the court to decide based on state law." *Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999) (internal quotation marks and citations omitted).

### D. CONTESTED ISSUES OF FACT AND LAW

**1.** The following are the issues of fact to be tried and decided:

Issue # 1:  Whether the Town of Fountain Hills has a policy of applying state statutes regardless of their constitutionality.

Plaintiff Contends:  The Town's Clerk, Interim Town Manager, and Town Attorney made a conscious decision to threaten to apply or threaten to apply Arizona's campaign finance statutes to Plaintiff without regard to the constitutionality of those laws.  Moreover, Arizona campaign finance statutes are so vague and complicated that they permit (intentionally or not) local variation, and the Town thus had to form local policies and customs in enforcing those laws.

Defendant Contends:  The Town does not have a policy of applying state statutes regardless of their constitutionality.  In this case in particular, the Town made no conscious decision to apply a state statute regardless of its constitutionality because the Town made no decision to apply state statute against Ms. Galassini at all.  This Court has already determined that there was no enforcement action by the Town and against the Plaintiff of Arizona's Campaign Finance laws.  In fact, there is no evidence of any policy of the Town – whether it be a longstanding Town policy or one made by an individual policymaker – to apply or threaten to apply Arizona's campaign finance statutes to Plaintiff without regard to the constitutionality of those laws.  In fact, the only testimony on the subject is that the Town had never before sent a letter like the one sent to Ms. Galassini and that the Town Clerk would never again send such a letter.

**2.**     The following are the issues of law to be tried and determined:

Issue # 1:  Whether the Town of Fountain Hills is liable under *Monell v.*

*Department of Social Services*, 436 U.S. 658 (1978), for sending the October 12, 2011 letter to Ms. Galassini.

Plaintiff Contends:  Because the Town's officers made a conscious decision to apply Arizona's campaign finance laws against Ms. Galassini, without regard to their constitutionality, the Town of Fountain Hills is liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), for the harm to Plaintiffs' First Amendment rights.

Defendant Contends:  That this Court has already determined that the Town did not enforce Arizona's Campaign Finance Laws against the Plaintiff.  Again, no one at the Town made a conscious decision by anyone to apply Arizona's campaign finance laws to Ms. Galassini.  After consultation with the Town Attorney, the Town Clerk sent a letter to inform Ms. Galassini of the existence of certain potentially applicable statutes.  Under state law, neither the Town Clerk nor the Town Attorney is a policymaker with respect to campaign finance laws and thus, the decision to send the letter does not subject the Town to liability under *Monell*.  There is also no evidence that the Town has a custom, practice or policy of enforcing state statutes without regard to their constitutionality and therefore, the Town is not subject to liability under *Monell*.

### E.   LIST OF WITNESSES

**1.**   Plaintiff:

Witnesses who <u>shall</u> be called at trial

Bevelyn Bender

Town Clerk, Town of Fountain Hills

Town of Fountain Hills

16705 E. Avenue of the Fountains

Fountain Hills, AZ 85268

Fact Witness – Ms. Bender is the Town Clerk and "filing officer" for the Town and will testify that the decision to send the letter of October 12, 2011, sent from Ms. Bender to Plaintiff, was made after consultation between herself, the Town Attorney (Andrew McGuire), and the then Interim Town Manager (Julie Ghetti). Ms. Bender will further testify that the Town's policy when enforcing campaign finance laws is to abide by Arizona statutory law as written without further consideration of the constitutionality of those laws.

Andrew McGuire

Town Attorney, Town of Fountain Hills

Town of Fountain Hills

16705 E. Avenue of the Fountains

Fountain Hills, AZ 85268

Fact Witness – Mr. McGuire is the Town Attorney and will testify that that the decision to send the letter of October 12, 2011, sent from the Town Clerk to Plaintiff, was made after a brief consultation between himself, the Town Clerk (Bevelyn Bender), and the then Interim Town Manager (Julie Ghetti). Mr. McGuire will further testify that the Town's policy is to abide by Arizona statutory law as written when enforcing

campaign finance laws without making an independent determination of the constitutionality of those laws.

Witnesses who <u>may</u> be called at trial

Witnesses who are <u>unlikely</u> to be called at trial

Julie Ghetti

Deputy Town Manager/Finance Director, Town of Fountain Hills

Town of Fountain Hills

16705 E. Avenue of the Fountains

Fountain Hills, AZ 85268

Fact Witness – Ms. Ghetti was the Interim Town Manager at the time the decision to send the letter of October 12, 2011, sent from the Town Clerk to Plaintiff, was made. If Bevelyn Bender and/or Andrew McGuire do not so testify, she would testify that the decision to send the letter was made after consultation between herself, the Town Attorney (Andrew McGuire), and the Town Clerk (Bevelyn Bender).

    **2.**    Defendant:

Witnesses who <u>shall</u> be called at trial

Bevelyn Bender

Town Clerk, Town of Fountain Hills

Town of Fountain Hills

16705 E. Avenue of the Fountains

Fountain Hills, AZ 85268

Ms. Bender is the Town Clerk for the Town of Fountain Hills.  She is expected to testify about her role as the election officer for the Town and regarding what lead up to and followed her drafting of the October 12, 2011 letter to Ms. Galassini, which includes that no enforcement action was ever taken against Ms. Galassini, and that no enforcement action was ever intended to be taken against Ms. Galassini.  She is expected to testify that while she follows what is written in state statute, she seeks advice or counsel from the Town Attorney regarding interpretation of most issues regarding the campaign finance statutes.  She is also expected to testify that the October 12 letter was not issued pursuant to Town policy, and that there is no Town policy or practice with regard to enforcement of the campaign finance laws.  Finally, she is expected to testify that Town does not enforce campaign finance statutes without regard to their constitutionality.  She is also expected to testify that the October 12 letter was not issued pursuant to Town policy, but rather only as a good faith gesture to put Plaintiff on notice that her proposed actions may in fact be subject to Arizona statutes.

Andrew McGuire

Town Attorney, Town of Fountain Hills

Town of Fountain Hills

16705 E. Avenue of the Fountains

Fountain Hills, AZ 85268

Mr. McGuire is the Town Attorney for the Town of Fountain Hills.  He is expected to testify that in his role as Town Attorney, under the statutes, he is charged with enforcing the campaign finance laws.  He is also expected to testify that the Town has no policies regarding the enforcement of campaign finance laws and that he provides advice to the Town on issues raised under the campaign finance statutes on a case-by-case basis.  He is expected to testify that the Town does not have a policy or custom of enforcing statutes without regard to their constitutionality.  He is also expected to testify that the October 12 letter was not issued pursuant to Town policy, but rather only as a good faith gesture to put Plaintiff on notice that her proposed actions may be subject to Arizona statutes.

Witnesses who <u>may</u> be called at trial

Julie Ghetti

Deputy Town Manager/Finance Director, Town of Fountain Hills

Town of Fountain Hills

16705 E. Avenue of the Fountains

Fountain Hills, AZ 85268

If called, Ms. Ghetti is expected to testify that in her role as Interim Town Manager, her job was to see that the policies of the Town Council, the Town policymaker, were carried out.  She is expected to testify that there is and was no Town policy regarding enforcement of Arizona's campaign finance statutes. She is also

expected to testify that the October 12 letter was not issued pursuant to Town policy, but rather only as a good faith gesture to put Plaintiff on notice that her proposed actions may in fact be subject to Arizona statutes.

Dina Galassini

She is expected to testify that she has no knowledge or evidence of the Town's enforcement of any campaign finance statute – or any other statute – against her. She is also expected to testify that she has no knowledge or evidence related to any Town policy regarding the Town's enforcement of state statutes without regard to their constitutionality. Finally, she is expected to testify that the October 12, 2011 letter was the one and only political interaction she had ever had with the Town.

Witnesses who are <u>unlikely</u> to be called at trial

Amy Chan – Deposition testimony only

Jim Drake – Deposition testimony only

Each party understands that it is responsible for ensuring that the witnesses it wishes to call to testify are subpoenaed. Each party further understands that any witness a party wishes to call shall be listed on that party's list of witnesses above and that party cannot rely on that witness having been listed or subpoenaed by another party.

**F.     LIST OF EXHIBITS**

**1.**     The following exhibits are admissible in evidence and may be marked in evidence by the Clerk:

**a.**     Plaintiff's Exhibits:

1.     Letter from Town Clerk to Plaintiff (October 12, 2011) including attached email from Ms. Galassini (personal contact information redacted) (FTNHILLS00209-12)

2.     Campaign Finance 101 for City and Town Clerks – Arizona Municipal Clerks Association Election Training – July 2009 – Reference Outline (ARIZ002572-97)

3.     Email from Jim Drake to James Barton dated October 28, 2011 RE: FW: registration of committee question for Fountain Hills (ARIZ000016-17)

**b.**     Defendant's Exhibits:

1.     Email string between Bev Bender to Dina Galassini dated October 17, 2011 (FTNHILLS00191-00192; also PL0013-0014)

2.     Email from Bev Bender to Mayor and Council dated October 12, 2011 (FTNHILLS00197)

3.     Email from Jim Drake to Amy Chan and Kris Kingsmore dated October 17, 2011 (ARIZ00001)

4.     Email from Kris Kingsmore to Jim Drake and Amy Chan dated October 17, 2011 (ARIZ00002)

5.     Email from Amy Chan to Kris Kingsmore and Jim Drake dated

October 17, 2011 (ARIZ00005-00006)

6. Email from Jim Drake to James Barton dated October 28, 2011 Re: FW: Registration of committee question for Fountain Hills (ARIZ00016-00017)

7. Email from Dina Galassini to caseinquiry@goldwaterinstitute.org dated October 18, 2011 (PL0011)

8. Email from Dina Galassini to "Schweikert David" dated October 18, 2011 (PL0012)

9. Email from Dina Galassini to Stephen and Diane Jones dated October 13, 2011 (PL0027)

**2.** As to the following exhibits, the parties have reached the following stipulations:

**a.** Plaintiff's Exhibits: 1 & 3.  Defendant will stipulate to the admission of pages ARIZ002572 and ARIZ002576 from Plaintiff's Ex. No. 2.

**b.** Defendant's Exhibits:  Plaintiff will stipulate to the admission of Defendant's Exhibits 1-6.

**3.** As to the following exhibits, the party ("objection party") against whom the exhibit is to be offered objects to the admission of the exhibit and offers the objection (legal objection stated in few words – **no narrative**) stated below:

**a.** Plaintiff's Exhibits: Defendant stipulates to admission of Plaintiff's exhibits subject to qualifications above.

**b.** Defendant's Exhibits:  Exhibits 7-9 – Objection:  Not Relevant.

     **c.**    If the objecting party seeks to use an exhibit listed by an offering party, an asterisk shall be placed next to that exhibit number, and the offering party shall set forth any objections that party reserves if the objecting party offers that exhibit.

     **d.**    The offering party shall bring all marked exhibits to trial the morning of trial; the offering party may not remove any exhibits after the parties' meeting. In other words, all exhibits marked at the meeting shall be brought, in their complete form, to trial.

     **4.**    Each party hereby acknowledges by signing this **joint** Proposed Final Pretrial Order that any objections not specifically raised herein are waived.

**G.**     **DEPOSITIONS TO BE OFFERED**

30(b)(6) Deposition of Amy Chan (August 23, 2012)

|  | Start | Stop |
|---|---|---|
| page/line | 9:5 | 9:17 |
|  | 10:16 | 10:24 |
|  | 12:4 | 13:5 |
|  | 40:10 | 40:25 |
|  | 41:16 | 42:4 |

30(b)(6) Deposition of Jim Drake (August 23, 2012)

|  | Start | Stop |
|---|---|---|
| Page/line | 10:4 | 10:21 |
|  | 10:22 | 11:6 |

15

|  | | |
|---|---|---|
|  | 24:15 | 24:25 |
|  | 25:1 | 25:17 |
|  | 27:17 | 27:24 |
|  | 28:17 | 29:17 |
|  | 30:15 | 31:14 |

Deposition of Julie Ghetti (August 20, 2012)

|  | Start | Stop |
|---|---|---|
| Page/line | 9:2 | 9:7 |
|  | 9:19 | 9:21 |
|  | 17:5 | 18:8 |
|  | 21:9 | 21:12 |
|  | 22:3 | 22:7 |
|  | 22:16 | 22:25 |
|  | 24:16 | 24:18 |

Each party hereby acknowledges by signing this **joint** Proposed Final Pretrial Order that any deposition not listed as provided herein will not be allowed, absent good cause.

**H.     MOTIONS IN LIMINE (JURY TRIAL)**

None.  This case shall be tried to the Court.

**I.     LIST OF PENDING MOTIONS**

Notice of Seeking Injunction as a Remedy

**J.     ESTIMATED LENGTH OF TRIAL**

0 hours - Jury selection (not applicable)

16

.5 hours - Opening statements

2.5 hour - Plaintiff's case (including rebuttal, if any)

2.5 hour - Defendant's case

.5 hour - Closing arguments

6.0 hours - Total

**K.     TRIAL DATE**

**September 3, 2014**

**L.     JURY DEMAND**

No jury trial has been requested.

**M-1.  PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The separately lodged Proposed Findings of Fact and Conclusions of Law are incorporated by reference into this **joint** Proposed Final Pretrial Order.

**N.     CERTIFICATIONS**

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

**1.**     All discovery has been completed.

**2.**     The identity of each witness has been disclosed to opposing counsel.

**3.**     Each exhibit listed herein: (1) is in existence; (2) is numbered; and (3) has been disclosed and shown to opposing counsel.

**4.**     The parties have complied **in all respects** with the mandates of the Court's Rule 16 Scheduling Order and Order Setting Final Pretrial Conference.

**5.**     The parties have made all of the disclosures required by the Federal Rules

of Civil Procedure. (Unless otherwise previously ordered to the contrary.)

**6.** The parties acknowledge that once this **joint** Proposed Final Pretrial Order has been signed and lodged by the parties, no amendments to this Order can be made without leave of Court.

**APPROVED AS TO FORM AND CONTENT:**

/s/ Paul Avelar                              /s/ Jeffrey T. Murray
    Attorney for Plaintiff                       Attorney for Defendant

/s/ Diana Day
    Attorney for Intervenor-Defendant


Based on the foregoing,

**IT IS ORDERED** that this Proposed Final Pretrial Order jointly submitted by the parties is hereby **APPROVED** and **ADOPTED as amended** as the official Pretrial Order of this Court.

Dated this 4th day of June, 2014.

James A. Teilborg
Senior United States District Judge