WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dina Galassini, | No. CV-11-02097-PHX-JAT |
| Plaintiff, | **CONSENT JUDGMENT** |
| v. | |
| Town of Fountain Hills, et al., | |
| Defendants. | |

This Consent Judgment is made and agreed upon by and between Dina Galassini and the Town of Fountain Hills (the "Town").

## **RECITALS**

1. Ms. Galassini initiated this litigation against the Town on October 26, 2011. The basis of her claims was that her free speech and association rights had been violated by the application of certain Arizona campaign finance laws found in Title 16 of the Arizona Revised Statutes.

2. The next day, October 27, 2011, the State of Arizona intervened into the litigation as Intervenor-Defendant to defend the constitutionality of the challenged state laws.

3. On November 3, 2011, the district court granted Ms. Galassini's Motion for Preliminary Injunction, prohibiting the application and enforcement of the

challenged state laws as to Ms. Galassini so that she could "speak and associate with others and hold her protests between now and November 8, 2011." [DOC 33]

4. This preliminary injunction was granted over the objections of both the Town and the State of Arizona.

5. Since the conclusion of the preliminary injunction proceedings, the Town has taken no position on the constitutionality of the Arizona Revised Statutes at issue in this litigation.

6. On September 30, 2013, the district court granted in part Ms. Galassini's motion for summary judgment. The district court also denied in part Ms. Galassini's motion for summary judgment and also denied the Town's motion for summary judgment. [DOC 106]

7. The district court found the definition of political committee, Arizona Revised Statutes § 16-901(19), to be unconstitutionally vague because people of common intelligence must guess at the law's meaning and will differ as to its application.

8. The district court found the definition of political committee, Arizona Revised Statutes § 16-901(19), to be unconstitutionally overbroad because it sweeps in a substantial amount of constitutionally protected speech without any sufficiently important governmental interest in regulating such speech.

9. The district court found Arizona's campaign finance statutory scheme, Arizona Revised Statutes §§ 16-901 *et seq.*, to be unconstitutionally burdensome for

groups that spend less than $500 because those burdens are not substantially related to the government's disclosure interest.

10. The district court found that these Arizona statutes have violated Ms. Galassini's First Amendment rights.

11. The district court found that there is a disputed question of fact as to whether the Town of Fountain Hills has a policy of applying state statutes regardless of their constitutionality. [Doc 106]

## CONSENT JUDGMENT

The constitutionality of the statutes at issue now decided, the Town and Ms. Galassini consent to the entry of a final judgment as to the Town as follows:

A. The Town, having taken no position on the Arizona Revised Statutes at issue in this litigation and instead having deferred to the State of Arizona to defend the constitutionality of the statutes, consents to an entry of judgment in accordance with the Court's findings declaring Arizona Revised Statutes § 16-901(19), to be unconstitutionally vague and overbroad, and declaring Arizona Revised Statutes §§ 16-901 *et seq.*, to be unconstitutional as applied to groups that spend less than $500, all as set forth in the district court's decision of September 30, 2013.

B. The Town admits to liability under *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). Specifically, the Town admits its officials—the town clerk, interim town manager, and town attorney—did not make an independent determination as to the constitutionality of the

applicable Arizona state statute prior to the Town's adherence thereto and made a conscious decision to send the October 12, 2011 letter to Ms. Galassini. At that time, the town officials believed in good faith that the Arizona Revised Statutes were constitutional. The letter informed Ms. Galassini that based on the plain language of the statute as well as guidance and training provided by the Arizona Clerks' Association and the Secretary of State's Office, Ms. Galassini could become a political committee if any additional person or persons joined her effort.

C. The Town agrees to be bound by the terms of any injunction or other equitable relief entered by any court during the remainder of this litigation.

D. The Town agrees to pay Ms. Galassini $1 in nominal damages and $2,500 in attorneys' fees and costs.

E. Ms. Galassini waives any claim for further nominal or actual damages against the Town, or any claim for further attorneys' fees and costs arising from this litigation.

F. Ms. Galassini waives all of her prior, existing, or future rights to any relief of any kind arising out of or related to this litigation (known and unknown) from the Town and its agents, employees, officers, divisions, successors, and assigns other than the relief set forth in paragraphs C and D, above. This waiver covers this litigation only and does not preclude Ms. Galassini from filing a new lawsuit in the event a change of circumstances causes the Town or its agents, employees, officers, divisions, successors, or assigns to

- 4 -

apply or enforce, threaten to apply or enforce, or cause to be applied or enforced, unconstitutional campaign finance laws to Ms. Galassini.

**Approved as to Form:**

Dated: July 15, 2014     By: /s/ Paul V. Avelar
                         Paul V. Avelar (023078)
                         Timothy D. Keller (019844)
                         INSTITUTE FOR JUSTICE


Dated: July 15, 2014     By: /s/ Jeffrey T. Murray
                         Jeffrey T. Murray (019223)
                         Kristin M. Mackin (023985)
                         SIMS MURRAY LTD


Based on the foregoing,

**IT IS ORDERED** granting the parties' Stipulation to Proceed by Consent Judgment (Doc. 137).

**IT IS FURTHER ORDERED** that the foregoing proposed Consent Judgment is **APPROVED** and **ADOPTED** as the final judgment of this Court as to all claims between Dina Galassini and the Town. Pursuant to Federal Rule of Civil Procedure 54(b), the Court finds there is no just reason for delay in entering this judgment.

Dated this 16th day of July, 2014.

James A. Teilborg
Senior United States District Judge